646

[Civ. No. 10132. First Appellate District, Division Two.—June 18, 1936.]

PACIFIC MANUFACTURING COMPANY (a Corporation), Petitioner, v. W. H. WORDEN, as Director of the Department of Public Works, etc., et al., Respondents.

DeLancey C. Smith and Murray Draper for Petitioner.

John J. O'Toole, City Attorney, Henry Heidelberg, Deputy City Attorney, and John J. Dailey for Respondents.

STURTEVANT, J.— This is an application for a writ of prohibition. It arises out of, and is based on, many of the same facts as the application for a writ of mandate in the case entitled *Pacific Manufacturing Co., a Corporation, Petitioner, v. Leonard S. Leavy, as Controller of the City and County of San Francisco, Respondent,* Civil No. 10133 (*ante,* p. 640 [58 Pac. (2d) 1292]), this day decided. Claiming that the contract awarded petitioner was governed by the provisions of section 98 of the charter, as said section was worded on May 17, 1935, and by the provisions of Ordinance No. 9.0923 enacted for the purpose of carrying said section into

effect, Alfred J. Cleary, chief administrative officer; Leonard S. Leavy, controller; Henry Heidelberg, deputy city attorney; Charles H. Sawyer, city architect, and Sidney J. Hester, chief clerk, caused to be served on petitioner an order directing it to appear at the office of Alfred J. Cleary, chief administrative officer of the city and county of San Francisco, on January 31, 1936, at the hour of 10 o'clock in the forenoon of said day, to then and there show cause why said corporation should not be declared an irresponsible bidder by reason of violations of section 98 of the charter of the city and county and ordinances of said city and county in relation thereto, and more particularly having reference to violations in connection with payment of the highest general prevailing rate of wages.

As we have shown in *Pacific Manufacturing Co., a Corporation, Petitioner,* v. *Leonard S. Leavy, as Controller of the City and County of San Francisco, supra,* that section 98 of the charter and the ordinances enacted to carry the same into effect have no application to the contract awarded to this petitioner, it follows that a writ of prohibition should issue as prayed. It is so ordered.

Nourse, P. J., and Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 17, 1936.